# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| GENE HARRISON, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHATHAM COUNTY SHERIFF'S ) <br> DEPARTMENT ) <br> ) <br> Defendant. ) | Case No. CV415-211 |

## REPORT AND RECOMMENDATION

"Employers covered by Title VII of the Civil Rights Act of 1964 may not 'fail or refuse to hire or . . . discharge any individual, or otherwise ... discriminate against any individual . . . because of such individual's race.' 42 U.S.C. § 2000e-2(a)(1)." *Flowers v. Troup Cnty., Ga., Sch. Dist.*, ___ F. 3d ___, 2015 WL 6081186 at * 1 (11th Cir. Oct. 16, 2015). Proceeding *pro se*, Gene Harrison, Jr. has filed a race-based, employment discrimination case against his ex-employer, the Chatham County Sheriff's Department. Doc. 1.

He also moves for leave to proceed *in forma pauperis* ("IFP"). Doc.

2. Finding him indigent, the Court **GRANTS** his motion to proceed IFP, but his case must be dismissed because it fails to survive screening under 28 U.S.C. 1915(e)(2)(B)(ii) (requires the Court to dismiss at the outset those complaints that fail to state a claim for relief). To state a claim for relief,[1] Harrison must plead facts to establish a *prima facie* case:

> (1) that he is a member of a protected racial class, (2) that he was qualified for the position, (3) that he experienced an adverse employment action, and (4) that he was replaced by someone outside of his protected class or received less favorable treatment than a similarly situated person outside of his protected class.

*Flowers*, 2015 WL 6081186 at * 6.

---

[1] Pleading stage claims are analyzed under Fed. R. Civ. P. 8 & 12:

> Rule 8 requires that federal courts give pleadings a liberal reading in the face of a [Rule] 12(b)(6) motion to dismiss. This admonition is particularly true when the parties are proceeding *pro se*. Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. *See, e.g., Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, *see Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991), *or to rewrite an otherwise deficient pleading in order to sustain an action, see Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

*GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)(emphasis added); *Butler v. Broward County Cent. Examining Bd.*, 367 F. App'x 992-93 (11th Cir. 2010). Formulaic recitations of a claim's elements will not suffice; every complaint must contain sufficient factual matter which, if accepted as true, states a claim to relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1301 (11th Cir. 2010); *Grissett v. H.J. Baker Bros.*, 2015 WL 5734452 at * 1 (S.D. Ala. Sept. 30, 2015).

Harrison complains that (unedited):

> during my tenure the sheriff's office I was discriminated against because of my race, and retaliation. One incident in particular I was lied to by Sgt. Barborosa stating that the captain wanted to see me and she didn't know why. Also i had gotten prior permission to attend college course at the university of phoenix upon hire. Yet none of my supervisors attempted to work with me to attend classes without stress. Lastly I was previously married to another young lady during my employment at the sheriff's office. At the time we were pregnant and while at work my ex-wife went to the hospital with her mother. When i was notified I initially got permission from Cpl. Webb. He approved it, however Lt. Johnson had a problem with it and ordered me to come back to the facility. At that time we lost that child and I have carried that pain of losing a child for eight years.

Doc. 1 at 3-4. Claiming he was unlawfully terminated, *id.* at 2 ¶ 6, he seeks $50,000 and "for my personnel file at the sheriff's office to be cleansed." *Id.* at 3-4.

Being an African-American (doc. 1 at 7) places Harrison in a protected class (element (1)). He fails to allege elements (2) (he qualified for the position) though he does allege element (3) (suffered an adverse employment action). He also fails to allege comparator facts (element (4)). *See Flowers*, 2015 WL 6081186 at *10 ("In order to use comparators to support an inference of race discrimination in the context of workplace discipline, a plaintiff must show that the comparators' alleged misconduct is nearly identical to the plaintiff's in order 'to prevent courts

3

from second-guessing employers' reasonable decisions and confusing apples with oranges.") (quotes and cite omitted); *Thomas v. Dep't of Corr.*, 377 F. App'x 873, 879-80 (11th Cir. 2010). Harrison fails to plead that the defendant replaced him with someone outside of his protected class. That is a fatal omission, warranting dismissal on those grounds alone.

Like many *pro se* plaintiffs, Harrison evidently believes that merely being discharged or forced to quit for a reason he doesn't like somehow supports an employment discrimination claim. But as the Eleventh Circuit has

> "repeatedly and emphatically held," employers "may terminate an employee for a good or bad reason without violating federal law." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999) (citing *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991)). Title VII does not allow federal courts to second-guess nondiscriminatory business judgments, nor does it replace employers' notions about fair dealing in the workplace with that of judges. We are not a "super-personnel department" assessing the prudence of routine employment decisions, "no matter how medieval," "high-handed," or "mistaken." *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010) (quotation marks, citations, and alterations omitted). Put frankly, employers are free to fire their employees for "a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984).

*Flowers*, 2015 WL 6081186 at *8.

Plaintiff's complaint is also defective in two other respects. First, the defendant sheriff's department is incapable of being sued:

> Police departments are not usually considered legal entities subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law); *see also McKinnie v. Boseman*, 2009 WL 3753989 at * 2 (S.D.Ga. Nov.9, 2009); *Griffin v. Hillsborough County Sheriff's Dep't*, 2009 WL 4547054 at *2 (M.D.Fla. Nov.30, 2009) (same result under Florida law).

*Johnson v. Savannah Chatham Metro. Police Dep't*, 2010 WL 4790911 at * 2 (S.D. Ga. Oct. 19, 2010) (footnote omitted).

Second, this case is time-barred. Prior to filing a Title VII case, "a plaintiff must file a charge of discrimination with the EEOC within 180 days of the last act of discriminatory treatment. 42 U.S.C. § 2000e-5(f)(1)." *Minnifield v. City of Birmingham*, 2015 WL 5675738 at * 4 (N.D. Ala. Sept. 28, 2015); *accord Fortson v. Carlson*, 2015 WL 4279223 at * 3 (11th Cir. July 16, 2015) (African-American employee's failure to file EEOC charge alleging race and gender discrimination within 180 days of final adverse employment activity he suffered, namely, his termination, rendered his Title VII gender and race discrimination claims time-barred). While Harrison has included an EEOC, Right To Sue letter and has filed this case within 90 days of that, the EEOC denied

5

relief because his claim was untimely. Doc. 1 at 6. Any claims arising more than 180 days before Harrison filed his April 13, 2015 charge of discrimination (doc. 1 at 7) are untimely. *Fortson*, 2015 WL 4279223 at * 3; *Minnifield*, 2015 WL 5675738 at * 4. Harrison's own pleadings show that he is complaining about *2008* adverse employment actions. Hence, he's way too late with these claims.

For all of these reasons Harrison's case should be **DISMISSED**, though he is free to move for leave to amend within the 14-day Objection period set forth in Fed. R. Civ. P. 72(b)(2).

**SO REPORTED AND RECOMMENDED**, this 30th day of October, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA